Chip Giles

LEGACY LEGAL GROUP
Attorneys at Law
285 N.W. Main
P.O. Box 1047
Blackfoot, Idaho 83221

(208) 785-4700
Fax No. 785-7080
ISB #9135

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBIN JUKER, individually as the natural father of MACEY JADEN JUKER, a deceased person, SHERRY FRANCIS individually as the natural mother of MACEY JADEN JUKER a deceased person and JORDIN JUKER SCHMIDT individually as the natural sister of MACEY JADEN JUKER a deceased person, and the ESTATE OF MACEY JADEN JUKER | Case No. _____<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO SET BOND (I.C. § 6-610)** |
| Plaintiffs | |
| v. | |
| CHASE FIDDLER, in his official and individual capacities, JASON PIETRZAK, in his official and individual capacities, RYAN POLLARD, in his official and individual capacities KIRK RUSH in his official and individual capacities, CRAIG SOUSA, in his official and individual capacities, DOMINIC ROGERS, in his official and individual capacities, JACOB LEE in his official and individual capacities, JONATHAN HOWARTH in his official and individual capacities, BOISE POLICE | |

1-Memorandum in Support of Motion to Set Bond I.C. § 6-610

| DEPARTMENT a political subdivision of the State of Idaho, RON WINEGAR, in his individual and official capacities CITY OF BOISE, a political subdivision of the state of Idaho JOHN or JANE DOES # 1-10, whose true identities are presently unknown. | |
|---|---|

The above-named plaintiffs, by and through their attorney of record, Chip Giles of Legacy Legal Group Chtd. hereby submits the following points and authorities in support of their motion for the Court to enter its Order on bond pursuant to Idaho Code § 6-610 in the amount of $500.00.

## I.
## BACKGROUND

Plaintiffs' Motion to Set Bond is required by Idaho Code § 6-610 as a condition precedent to Plaintiffs' filing of against Defendant law enforcement officers and agencies for violations of rights secured by the United States Constitution and Idaho law.

The proposed complaint attached to Plaintiffs' Motion to Set Bond alleges claims arising under 42 U.S.C. § 1983 and the Idaho Wrongful Death Statute, Idaho Code § 5-311. Plaintiffs' claims stem from Macey Jaden Juker's (hereinafter "Juker") death on July 26, 2023 in Boise, Ada, Idaho. Defendant law enforcement officer Jacob Lee (hereinafter "Lee') responded to a subject at the door call from Ada County dispatch. Juker had called the Ada County Dispatch 911 emergency line and reported people were trying to force entry into his residence, located at the 700 block of N. 20th Boise, Ada, Idaho, to kill him. Juker explained to dispatch he had consumed alcohol and that "radiation was melting his brain." Juker also explained that he had a firearm and was home alone. Juker was panicked, hallucinating and in fear for his life.

Rather than respond to the residence, Lee decided to call Juker directly. Prior to the call, Lee confirmed with dispatch that this was a crisis call, and potentially drug induced. Lee stopped

in the parking lot/strip mall area of the Albertsons located at 1650 W. State Street. Lee advised other officers to meet him at this location. Lee was then able to contact Juker by phone. Juker explained that he had been drinking, guessed that he purchased some heroin, that some guys were at his residence and that they were using a laser. Juker did not know the individuals but asked Lee "not to approach them." Juker told Lee he did feel like hurting himself, but did not respond when Lee asked Juker if he was suicidal. At that point approximately six shots could be heard over the phone by Lee, and outside the window of his police cruiser.

Lee then proceeded with Defendant law enforcement officers Johnathan Howarth (hereinafter "Howarth") and Johnathan Rodgers (hereinafter "Rodgers") to the area of 21st and State since Lee was unsure where the shots came from. Juker was encountered a short time later by Defendant law enforcement officers Kirk Rush (hereinafter "Rush") and Ryan Pollard (hereinafter "Pollard"). Juker was scared, intoxicated, willing to harm himself, suffering from a diminished mental state and hallucinating. Juker was armed with a rifle, but complied fully with Rush and Pollard's commands, placing the rifle down approximately 15 yards away from himself, getting down on his knees and placing his hands on his head. Even though showing full compliance with law enforcement commands, Juker was not taken into custody at this time.

As numerous law enforcement vehicles approached with emergency lights and sirens activated, Juker jumped up to run and grabbed his rifle. While on the run Juker fired his rifle in the air, and was then shot by officers multiple times, resulting in his death shortly thereafter.

Juker's wrongful death at the hands of defendants by an excessive use of deadly and lethal force was a violation of Juker's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. 1983. Juker was entitled to be safe and secure from the improper and excessive use of lethal force, Defendant's failure to properly detain Juker when

3-Memorandum in Support of Motion to Set Bond I.C. § 6-610

he was compliant, and to escalate directly to deadly force while Juker was running violated Juker's constitutional rights and led to his wrongful death. The Defendant's further actions also reflect a conspiracy to conceal unlawful unconstitutional conduct in violation of 42 U.S.C. § 1983 in that with deliberate and callous indifference to the truth, they are trying to deprive Juker and his estate from his constitutional claims arising from the use of excessive, lethal force all of which is contrary to Juker's established rights, privileges, and/or immunities secured by the Constitution of the United States. Finally, Plaintiffs have asserted a *Monell* claim against Defendants City of Boise and the Boise Police Department for adopting official policies, ratifying actions, and failing to properly supervise law enforcement officials which led violations of Juker's constitutional rights, and resulted in his wrongful death, and finally an Idaho state law claim for wrongful death, which requires the posting of a bond as set forth below.

## II.
## IDAHO CODE § 6-610

"In Idaho, a plaintiff is required, as a condition precedent to filing a lawsuit against any law enforcement officer when the action arises out of the performance of his duty, to prepare and file a bond at the time of the filing of the complaint." *Gordan Ocampo v. Corizon, LLC*, 1:18-CV-00047-DCN, 2019 WL 1495251, at *10 (D. Idaho Apr. 4, 2019) (citing Idaho Code § 6-610).

This bond requirement is a precondition only to the filing of claims brought under Idaho law; it does not apply to claims brought under federal law. "The Idaho Court of Appeals and this Court have both recognized that Idaho Code § 6-610 only applies to state law claims against law enforcement officers–it does not apply to alleged violations of constitutional rights brought pursuant to 42 U.S.C. § 1983." *ET v. Lake Pend Oreille Sch. Dist. No. 84*, 2:10cv-00292-EJL-CWD, 2012 WL 13133641, at *5 (D. Idaho Jan. 12, 2012) (citing *Ayala v. U.S.*, CV09-14-S-BLW, 2010 WL 299153 (D. Idaho Jan. 19, 2010); *Hyde v. Fisher*, 152 P.3d 653, 658 (Idaho Ct. App.

4-Memorandum in Support of Motion to Set Bond I.C. § 6-610

2007) ("To impose a bond requirement under state law as a precondition to the filing of an [action under federal law] would impermissibly burden the rights protected by that federal statute.").

The stated purpose of Idaho Code § 6-610's bond requirement is, "in the event judgment is entered against the plaintiff or petitioner, for the payment to the defendant or respondent of all costs and expenses that may be awarded against the plaintiff or petitioner, including an award of reasonable attorney's fees as determined by the court." I.C. § 6-610(2). In a case against a law enforcement officer, under Idaho Code § 6-610(3) "the prevailing party shall be entitled to an award of costs as otherwise provided by law." However, a prevailing defendant law enforcement officer must prove more than that he merely prevailed to obtain an award of attorney fees. He must also prove "by clear and convincing evidence, that the party against whom or which such award is sought was guilty of bad faith in the commencement, conduct, maintenance or defense of the action" I.C. § 6-918A. This is the only means by which a prevailing defendant law enforcement office can obtain an award of attorney fees under Idaho law. *Beehler v. Fremont County*, 145 Idaho 656, 659 (Ct. App. 2008).

The case is brought primarily under 42 U.S.C. §1983 for violation of the Plaintiffs' 4th and 14th Amendment rights to be free from undue and unreasonable force and to be free from the improper and excessive use of lethal force. These Federal claims under § 1983 require no bond *See Hill v. County of Benewah*, 2:18-CV-00320-DCN, 2020 WL 1049905, at *4 (D. Idaho Mar. 4, 2020) ("... it is true a bond is not required for claims brought pursuant to 42 U.S.C. § 1983 ...."). Consequently, a bond is required in this case only for Plaintiffs' state law claim for wrongful death.

### III.
### LEGAL ANALYSIS

The issue presented by this motion is what is a reasonable bond amount to secure against the eventuality of an award of costs and attorney fees in the Defendants' favor?

5-Memorandum in Support of Motion to Set Bond I.C. § 6-610

### A. **It is Highly Unlikely Defendants Will Be Awarded Attorney Fees.**

Determining the proper bond amount can only be done with an analysis of the likelihood that the individual defendants will prevail in defending this case and that they will be able to meet their burden of proving by clear and convincing evidence that Plaintiffs are guilty of bad faith in commencing or maintaining their claims in this case. I.C. § 6–918A. Weighing this likelihood depends upon the defendants' available defenses. If the case merely presents a simple factual dispute requiring a jury to decide, there can be no finding of bad faith.

Plaintiffs allege, and defendant's own incident reports and body cam footage confirm, that the Defendant officers knew Juker was intoxicated, feared for his life, was willing to injure himself, was suffering from hallucinations and was suffering a mental health crisis. Officers had Juker subdued at gunpoint, for an extended period of time on his knees, with his hands behind his head approximately 15 yards from any weapon. Despite multiple opportunities, the defendant officers refused to simply restrain Juker and safely place him under arrest. When Juker grabbed his rifle and ran he shot it in the air. The Defendant officers responded by shooting him nine times, killing Juker shortly thereafter. Plaintiffs' argument is that this was an unconstitutional use of excessive and lethal force.

Additionally, while the Idaho Tort Claims Act offers some immunity to law enforcement, there does not appear to be any immunity available here to Defendants. Idaho Code § 6-904(3) provides immunity for law enforcement officials for acts arising "out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights," This section does not provide immunity for acts arising out of wrongful death, or §1983 claims.

6-Memorandum in Support of Motion to Set Bond I.C. § 6-610

Since no statutory immunities apply, the question is whether the defendants will be able to prove with clear and convincing evidence that Plaintiff's claim was brought, pursued, or maintained in bad faith. This is an exacting standard. "Clear and convincing evidence is evidence that indicates the thing to be proved is highly probable or reasonably certain." *In re Doe (2014-17)*, 157 Idaho 694, 699, 339 P.3d 755, 760 (2014). Bad faith as applied here means, "dishonesty in belief or purpose." *Cordova v. Bonneville County Joint Sch. Dist. No. 93,* 144 Idaho 637, 643, 167 P.3d 774, 780 (2007); *Cobbley v. City of Challis,* 143 Idaho 130, 135, 139 P.3d 732, 737 (2006). In order to prevail on a claim for attorney fees here, defendants would have to show a highly probable, reasonable certainty that Plaintiffs' belief or purpose in filing this case on behalf their deceased child is dishonest.

Under the high standard, the facts established by the defendants' own incident reports and body camera videos, it is highly unlikely the defendants will be able to carry this extremely heavy burden. Consequently, the bond in this case should be set at no more than $500.

### B. <u>The Defendants Can Always Request an Increase in the Bond.</u>

Plaintiffs understand this motion is currently brought *ex parte*, as mandated by I.C. § 6-610, and that the Court does not have the benefit of hearing defendants' argument. However, Section 6-610 itself provides the defendants with a remedy, if needed. Immediately after commencement of this litigation, or at any time in the course thereof, any of the defendants may dispute Plaintiffs' above analysis and the bond amount by petitioning the Court for an increase. *See* I.C. §6-610(4)-(7).

For this reason, Hon. B. Lynn Winmill routinely sets bonds in similar cases at $500, subject to the defendants' future right to petition for an increase. *See, e.g., Rettew v. Cassia County*, Case No. 4:20-cv-00329-BLW (D. Idaho, December 3, 2020) (setting bond at $500 in similar Section

7-Memorandum in Support of Motion to Set Bond I.C. § 6-610

1983 litigation, subject to defendants' statutory right to petition for an increase) (attached hereto as Appendix 1); *Copeland v. Bannock County*, Case No. 4:19-cv-00089-BLW (D. Idaho, March 13, 2019) (same) (attached hereto as Appendix 2).

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiffs hereby request that the Court set the required bond in this case at no more than $500 cash.

RESPECTFULLY REQUESTED this 13th day of June, 2025.

LEGACY LEGAL GROUP

By: _____
Chip Giles

# APPENDIX 1

Seventh Judicial District, Bonneville County
Penny Manning, Clerk of the Court
By: Deputy Clerk - Jenkins, Andrea

T. Jason Wood, Esq., ISB No. 5016
WOOD LAW GROUP, PC
1488 Midway Avenue
Idaho Falls, ID 83406
Telephone: (208) 497-0400
Fax: (208) 932-4380
Email: jason@woodlaw.net

Joe W. Frick, Esq.
JOE FRICK LAW, PLLC
950 W. Bannock Street, Suite 1100
Boise, ID 83702
Telephone: (208) 401-9311
Fax: (208) 550-3209
Email: joe@joefricklaw.com

Attorneys for Plaintiffs

IN THE SEVENTH JUDICIAL DISTRICT OF THE STATE OF IDAHO

IN AND FOR THE COUNTY OF BONNEVILLE

|  |  |
|---|---|
| JAVONNA RETTEW, individually and as personal representative of the ESTATE OF THOMAS RETTEW; KRISTA MOSLEY, as the mother and first friend of K.R., a minor; and KENNETH TORRES, as guardian and next friend of R.R., a minor,<br><br>       Plaintiffs,<br><br>v.<br><br>CASSIA COUNTY, MINIDOKA COUNTY, MINI-CASSIA CRIMINAL JUSTICE CENTER, STEVE JENSEN, KEVIN DILLON, DAVID WELLS, DARWIN JOHNSON, LAINE MANSFIELD, REGINALD BALLIOLA, and DAVID HIRSCH,<br><br>      Defendants. | CV10-20-4609<br>Case No. _____<br><br><br><br><br><br>ORDER |

Currently before the Court is Plaintiffs *Motion to Set Bond Pursuant to Idaho Code § 6-610.*

Having carefully reviewed the motion and accompanying Declaration and Memorandum, and good

cause appearing therefor,

1 -    ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion is GRANTED. The Court hereby sets the amount of the required bond at $500 cash, subject to the defendants' right to except to this amount of the bond in the manner set forth in Idaho Code § 6-610(4). If such an exception is filed, the Court will then take up the issue of whether the bond amount should be increased.

Signed: 7/29/2020 11:32 AM

SO ORDERED this _____ day of July, 2020.

_____
District Judge

2 -    ORDER

# APPENDIX 2

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAN COPELAND, | Case No. 4:18-cv-00089 |
| Plaintiff, | ORDER |
| v. | |
| COUNTY OF BANNOCK, STATE OF IDAHO; ROBERT POLEKI, individually and in his capacity as a County Clerk for the County of Bannock, TOM SELLERS, individually, | |
| Defendant. | |

## ORDER

Before the Court is Plaintiffs Motion to Set Bond Pursuant to Idaho Code § 6-610.

Section 6-610(2) requires that:

> Before any civil action may be filed against any law enforcement officer or service of civil process on any law enforcement officer, when such action arises out of, or in the course of the performance of his duty, or in any action upon the bond of any such law enforcement officer, the proposed plaintiff or petitioner, as a condition precedent thereto, shall prepare and file with, and at the time of filing the complaint or petition in any such action, a written undertaking with at least two (2) sufficient sureties in an amount to be fixed by the court.

Plaintiff indicates in their motion that they contemporaneously filed a $500.00 bond with

the Court. Dkt. 1. However, no such bond has been filed – apparently due to an

oversight in the offices of Plaintiff's counsel. The Court will not address whether this

ORDER - 1

failure constitutes non-compliance with the requirements of the statute. That issue may be addressed in subsequent proceedings.

In light of these circumstances, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion. The Court will conditionally set the amount of the required bond at $500, subject to Defendants' right to except to the amount of the bond in the manner set forth in Idaho Code § 6-610(4). If such an exception is filed, the Court will then take up the issue of whether the bond amount should be increased.

DATED: March 13, 2019

B. Lynn Winmill
U.S. District Court Judge

ORDER - 2